No. 2,119.

ANNA BELL KARR, (by her Guardian, WILLIAM KARR), RESPONDENT, v. WILLIAM H. PARKS, APPELLANT.

INJURY TO THE PERSON.—NEGLIGENCE OF PARENT.—Unless there is some unusual exposure to danger, it is not negligence on the part of the parent to allow a child between ten and eleven years of age, ordinarily active and intelligent, to be in the street.

IDEM.—That a child five years of age, was permitted to walk in the street, in the day time, within sixty feet of her father's house, where there was no particular reason to apprehend danger, and in a street almost entirely unused, would not as a matter of law be held evidence of negligence on the part of the parent.

NEGLIGENCE IN TIME OF DANGER.—A person, in time of imminent danger, is not negligent because he does not take every precaution that a careful calculation afterward will show he might have taken.

APPEAL from the District Court of the Tenth District, Yuba County.

The facts are stated in the opinion.

*Wm. C. Belcher* and *J. G. Eastman,* for Appellant.

*First*—In action for damages for personal injuries, on the ground of negligence, the plaintiff cannot recover, if his own negligence contributed directly to the injury, or if by the exercise of ordinary prudence he could have avoided the injury. *(Wilds* v. *Hudson River Railroad Co.* 24 N. Y. 430; *Button* v. *Hudson River Railroad Co.* 18 Id., 248, and cases cited; *Griffen* v. *N. Y. Central R. R. Co.* 40 Id., 1 Hand; *Gay* v. *Winter,* 34 Cal. 153; *Butterfield* v. *Forrester,* 11 East. 60; *Adams* v. *Carlyle,* 21 Pick. 146; *Gahagan* v. *Boston and Lowell R. R. Co.* 1 Allen. 187; *Moore* v. *The Central R. R. Co.* 4 Zabr. 284; *Runyan* v. *The Central R. R. Co.* 1 Dutch. 556; *Kennard* v. *Burton,* 25 Maine, 49.) .

*Second*—The rule is the same for infants as for adults, and the infant is chargeable with any negligence or other fault of his or her parents or guardian whereby he or she is exposed to injury, or put or kept or permitted to be in a position of danger from which injuries result. *(Hartfield* v. *Roper,* 21 Wend. 615, and cases cited; *Holley* v. *Boston Gas Light Co.* 8 Gray, 132; *Burk* v. *Broadway and Seventh Avenue R. R. Co.* 49 Barb. 529; *Hughes* v. *McFie,* 2 H. & C. Exch. 388; *Maugan* v. *Atherton,* Law Rep. 1 Exch. 239; *Waite* v. *North Eastern R. R. Co.* El. Bl. & El. 719; *Mangum* v. *Brooklyn City R. R. Co.* 36 Barb. 238; *Lehman* v. *City of Brooklyn,* 29 Id., 234; *Chicago* v. *Starr,* 42 Ill. 174.)

*Third*—The streets of a city or town are not proper places for the play-ground of children, or places where they should be allowed to go, particularly for amusement, except under the care and protection of an attendant of discreet age. *(Pearsall* v. *Post,* 21 *Wend.* 111, 133; *Stickney* v. *Salem,* 3 Allen, 374; *Blodgett* v. *City Boston,* 8 Id. 237; *Stackpole* v. *Healy,* 16 Mass. 33; *Stinson* v. *Gardiner,* 42 Maine, 248; *Hartfield* v. *Roper,* 21 Wend. 613; *Kreig* v. *Wells.* 1 E. D. *Smith,* 74; *Lehman* v. *Brooklyn, supra; Mangum* v. *Brooklyn, R. R. Co.* 36 Barb 230; *Burke* v. *Broadway and Seventh Avenue R. R. Co. supra; Callahan* v. *Beard,* 9 Al-

len, 401; *Wright* v. *Malden and Melrose Railroad,* 4 Allen. 283). In other cases it has been held that it was a question of fact, and not of law, whether children of ages varying from four to thirteen had sufficient discretion to be allowed to go into public streets unattended by some person of discreet age. *( Oldfield* v. *Harlaem R. R.* 14 N. Y. 310; *Drew* v. *Sixth Av. R. R. Co.* 26 Id. 49; *Lovett* v. *Salem &c. R. R. Co.* 9 Allen, 357.) But when they are allowed to expose themselves to danger, and seek redress for injuries received by them on the ground of the negligence of others, whether they are infants of such tender years, that the Courts hold that their presence unattended in places of danger is as matter of law, when unexplained, sufficient negligence to preclude recovery, or have arrived at such an age when it becomes a question of fact whether they possess sufficient intelligence and discretion to be allowed to go out on public streets unattended, the rule is well settled that they must be held to the exercise of the prudence and discretion of persons of ordinary intelligence, of mature age; and that if they fail to exercise that discretion, or by their own negligence contribute to the injury, they cannot recover, unless the defendant might, by the exercise of common foresight and prudence, have avoided causing the injury, or exhibited a reckless and wanton disregard of the life or personal safety of the child.

*Fourth*—The fact that the plaintiff, a child of ten years of age at the time of the injury complained of, was in one of the public streets of the city of Marysville, and in the body of the street, in charge of a sister only five years of age, without any attendant, and was there for purposes of amusement, and with the permission of her mother, is conclusive evidence of negligence directly contributing to the injury and precludes a recovery. *(Burke* v. *Broadway and Seventh Av. R. R. Co. supra.)*

It may be true that the defendant had no right to permit his cow to run at large in the streets, but it is equally true that the plaintiff had no right to use the streets as a place for amusement; and in that, plaintiff and defendant were in equal fault, and being so, she could not recover.

*Fifth*—Negligence, and as well liability for injuries occurring by reason of negligence, when the facts are undisputed are purely questions of law, to be decided by the Court and not by the jury. (*Mangum* v. *Brooklyn City R. R. Co.* 36 Barb. 230–7; *Dascombe* v. *Buffalo and State Line R. R. Co.* 27 Id. 221; *Biles* v. *Holmes*, 11 Ired. Law, 16; *Johnson* v. *Hudson River R. R. Co.* 20 N. Y. 65–73; *Wilds* v. *Hudson River Railroad Co.* 24 Id. 430–33, and cases cited.)

*J. O. Goodwin* and *N. E. Whitesides*, for Respondent.

*First*—Appellant takes this appeal, solely upon the ground of negligence on the part of plaintiff, chargeable either to plaintiffs' parents or to herself, and then cites a number of cases, all of which we admit to be good law and properly applied in the cases referred to, but deny their having the least possible likeness, resemblance or analogy to the case at bar.

In the cases cited by appellant, the parties injured were infants, without sufficient age or discretion to know what was dangerous, or judgment to avoid it, or parties wildly and recklessly bent on suicide, or drunkards with less knowledge or sense than either the infants or the lunatics; and the injury was sustained at a time when the defendant was *driving* a *team* in the public highway going along where teams usually passed, or when a railroad car was passing upon its track, held to its place by iron rails.

*Second*—The case was properly submitted to the jury. (*Burs* v. *Housatonic &c.* 19 Conn. 556; *Oldfield* v. *New York &c.* 3 E. D. Smith, 103; *Smith* v. *Lowell*, 6 Allen, Mass.; *Oldfield* v. *Harlaem R. R. Co.* 14 N. Y. 310; *Drew* v. *Sixth Av. R. R. Co.* 26 Id. 49; *Lovett* v. *Salem R. R. Co.* 9 Allen, 357; *Loomis* v. *Terry*, 17 Wend. 496; *Robenson* v. *Cole*, 22 Vt. 230; *Chicago* v. *Major*, 18 Ill. 389; *Berge* v. *Gardiner*, 19 Conn. 507; *Mangum* v. *Brooklyn*, 36 Barb. 236.)

TEMPLE, J., delivered the opinion of the Court, CROCKETT, J., SPRAGUE, J., and RHODES, C. J., concurring:

The plaintiff, by her guardian *ad litem*, brings this action

to obtain damages for injuries received by being attacked and hooked, while in a public street in Marysville, by defendant's cow. The plaintiff, who was an infant, and, at the time the injuries were received, was between ten and eleven years of age, went out with her sister, who was five years old, to walk and pick flowers, upon Sixth street in the city of Marysville, at about six o'clock in the afternoon. When about sixty feet from her father's house she saw the cow coming toward her in a rapid and threatening manner. She then caught her little sister by the hand and attempted to get into a corral, which was near by, but was caught and hooked and severely injured. The defendant claims that it was about sixty feet from where the plaintiff was at the time she first saw the cow, to her father's house, and seventy feet to the corral, although by what means the precise distance to the corral was made out from the evidence we do not clearly see, for being in the street, though nearer the opposite side, the whole width of the street could not have been between her and the corral. There was some evidence, though very slight, which tended to show that the defendant knew that the cow had previously made a similar attack upon a child. The cow was allowed to run at large by the defendant; in other words, was kept in the streets and upon uninclosed lands in the vicinity.

When the plaintiff had concluded her testimony, the defendant moved for a nonsuit, substantially upon the grounds: First, that the plaintiff was guilty of negligence, which contributed to the injury; second, that the streets are not proper places for children to go to play, but are for the use of travelers only.

When the evidence was all in, the defendant moved the Court to render judgment dismissing the complaint, substantially upon the same ground, and when that motion was overruled, asked the Court to instruct the jury to find for the defendant, which was also refused, and the plaintiff had judgment; and the defendant appeals directly from that judgment, and relies upon these several rulings as error.

The defendant claims that the facts are undisputed, and

therefore the question of negligence is purely a question of law, to be decided by the Court, and not by the jury; and that, from the admitted facts of this case, the Court should hold, as matter of law, that the plaintiff was guilty of such negligence as contributed proximately to the injury.

Whether it is negligence in a parent or guardian to allow a child to go unattended in the street, depends greatly upon the amount of travel in and the use made of the street as affecting the danger to which one is exposed in being there. Unless there is some unusual exposure to danger, however, we do not apprehend that it could be seriously contended that there is any negligence whatever in allowing a child between ten and eleven years, ordinarily active and intelligent, to be in the street. Except where the exercise of judgment or strength is required, such children are perhaps fully as able to save themselves from danger as grown people. In a street comparatively unfrequented, as in this case, we certainly should not hold it evidence of negligence, even in children of more tender years; and if the injury had been done to the younger sister instead of the elder, while walking in the street in the day time, within sixty feet of her father's house, when there was no particular reason to apprehend danger, and in a street almost entirely unused, we should not be prepared to say, as matter of law, that it was negligence on the part of the parent. Such a rule would be harsh and unreasonable, especially to the poor, in every town and city. The evidence does not satisfy us that there was even bad judgment in the plaintiff's attempting to escape to the corral for protection rather than to the house, but it would be absurd to hold that even an adult person, in time of imminent danger, is negligent, unless he takes every precaution that a careful calculation afterward will show he might have taken. She had no time to measure and compare distances, or to calculate whether she would gain time by retreating in one direction rather than another, even though, as a mathematical problem, it was very easy of solution. Upon the question of contributory negligence we see no reason to doubt the correctness of the verdict.

We do not understand the evidence as showing that plaintiff was playing in the street, but even if it were so, we do not think it would help the defendant. A person may perhaps be considered a trespasser who stops in the street to feed his horse, and thereby obstructs the highway by other uses than that of travel. A party who leans upon the railing of a bridge, or engages in play in the public streets, and thereby exposes himself to danger which otherwise he would not be exposed to, may not be able to recover for injuries received through defects in the highway, in cases where the public is held responsible, and perhaps in some cases would not be able to recover for injuries received from the negligence of others; but it must appear either that the plaintiff was unlawfully obstructing the highway, or that the fact that she was playing there directly contributed to the injury. This does not appear in this case.

Judgment affirmed.

WALLACE, J., expressed no opinion.