[L. A. No. 6407. Department One.—March 28, 1921.]

## FRANCIS M. SHUPE, Respondent, v. MRS. F. G. RODOLF et al., Appellants.

[1] NEGLIGENCE — VEHICLE ON WRONG SIDE OF ROAD—COLLISION—PRIMARY RESPONSIBILITY.—Where two vehicles directly approach each other from opposite directions and the drivers to avoid a collision both turn to the same side and a collision results, the driver who was on the wrong side of the road in the first place and who turned farther to the wrong side in the second place is primarily responsible for the accident.

[2] ID.—AVOIDANCE OF COLLISION — DUTY OF PARTY ON RIGHT SIDE.—Where two vehicles directly approach each other from opposite directions and the drivers in endeavoring to avoid a collision both turn to the same side and a collision results, the question as to whether the injured party who was on the right side of the street was negligent does not depend upon whether he could have turned still farther to the right and thus avoided the collision, but upon whether, assuming that he could, his failure to do so was due to lack of reasonable care.

[3] ID.—EXERCISE OF REASONABLE CARE—QUESTION FOR JURY.—Where two vehicles directly approached each other and the drivers to avoid

1. Rules of the road governing vehicles proceeding in the opposite direction, note, 41 L. R. A. (N. S.) 322.

Rules of the road governing vehicles proceeding in the same direction, notes, Ann. Cas. 1913A, 833; Ann. Cas. 1918E, 562; 41 L. R. A. (N. S.) 337.

a collision both turned to the same side and a collision resulted, the question whether the injured party who was on the right side of the road could have avoided the collision by turning more quickly was one for the jury.

[4] ID.—ACTION FOR PERSONAL INJURIES—COLLISION ON DOUBLE STREET —EVIDENCE—SIGN-BOARD DIRECTING TRAFFIC.—In an action for personal injuries resulting from a collision between a motorcycle and an automobile in the easterly way of a street having two distinct and parallel ways separated by a space not used for travel, the admission of testimony of the existence of a sign-board directing all south-bound traffic to take the westerly way, if error, was cured by instructions that the fact that the defendants were on the easterly way when they should have been on the westerly lost its importance by reason of the circumstance that the plaintiff observed them in ample time to avoid them and because of such fact that he had to regulate himself the same as if the way was a street by itself and each was proceeding thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry M. Irwin for Appellants.

Edward H. Gruel and Frank G. Tyrrell for Respondent.

OLNEY, J.—The present action is one for damages for personal injuries suffered by the plaintiff as a result of a collision between a motorcycle upon which he was riding and the automobile of the defendants. The cause was tried before a jury, which returned a verdict for the plaintiff, upon which judgment was entered. The defendants appeal.

The chief contention of the defendants is that the verdict is not supported by the evidence, in that it shows that the plaintiff was himself guilty of contributory negligence. The accident took place on American Avenue, in the city of Long Beach. The street is apparently what may be described as a double street, that is, there are two distinct and parallel ways, separately curbed and separated by a space not used for travel. The street runs north and south, and the easterly of the two ways is called American Avenue East, and is but twenty-six and a half feet in width. At the time of the accident the defendants were proceeding south in this, the left-hand way, as they were going, and the plaintiff was

coming north on the same way. The testimony is in sharp
conflict as to whether the defendants were on the right-hand
side of the way or not, and as to just how the accident took
place. Taking the view of the evidence most favorable to
the plaintiff, as we must do, the defendants were proceeding
a little to the left of the center line of the way, as they were
going, and the plaintiff was several feet to the right as he
was going. As the two vehicles approached close to each
other, the defendants turned still farther to the left, and the
plaintiff turned to his right so that the two met. **[1]** The
accident, in other words, according to the evidence for the
plaintiff, was the not infrequent one of two cars directly
approaching each other, one of them on the wrong side of
the road, and where the two drivers in endeavoring to avoid
a collision both turn to the same side, so that a collision
results. In such a case, it is evident that responsibility for
the accident rests primarily with the driver who was not on
the right side of the road in the first place and who turned
to the wrong side in the second place. The contention that
the plaintiff was guilty of contributory negligence is rested
upon the fact that the evidence showed that at the time of
the collision there was an open space of at least six feet be-
tween the car of the defendants and the curb on its left;
that the plaintiff was, according to his testimony, going
slowly, and that he could have turned his machine still
farther to the right and passed the defendants in the open
space mentioned. **[2]** But the question in the case is not
whether the plaintiff could have turned farther to the right
and have avoided the collision, but whether, assuming that
he could, his failure to do so was necessarily due to lack of
reasonable care to avoid the impending collision. The two
things are not the same. It may be that the plaintiff, if he
had turned more quickly to the right, might have avoided
the collision. It may also be that he could have avoided it
by turning to the left. The point is that when the defend-
ants' car started to turn to the left, the plaintiff was con-
fronted with a situation of imminent danger requiring
instant action, and there may have been no negligence on
his part in taking the action he did, although if he had done
something else he would have escaped. As was said in *Karr*
v. *Parks*, 40 Cal. 188, 193, "it would be absurd to hold that
even an adult person, in time of imminent danger, is negli-

gent, unless he takes every precaution that a careful calculation afterward will show he might have taken.'' Whether under the circumstances here presented the plaintiff did what he reasonably could to avoid the collision is very apparently a question about which there might be a reasonable difference of opinion. [3] Such being the case, the answer to the question was exclusively within the province of the jury and we cannot disturb their conclusion.

[4] The defendants also complain that testimony was admitted that at the north end of the street there was a sign-board directing all south-bound traffic to take the westerly way. The point of the objection is that although the sign-board was there and its direction was disregarded by the defendants, there was no ordinance or other sufficient regulation prescribing that south-bound traffic should take the westerly way, so that the direction of the sign-board was without authority, so to speak. But if the admission of this testimony was erroneous (which we do not decide), the error was cured by the instructions of the court to the jury, which were that the fact that the defendants were on the easterly way when they should have been on the westerly lost its importance by reason of the circumstance that the plaintiff observed them there in ample time to avoid them and, because of this, ''that he had to regulate himself the same as if that was a street by itself and each one coming down there.'' There is nothing else which requires comment.

Judgment affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.

Shaw, J., Lawlor, J., Olney, J., and Angellotti, C. J., concurred.

Wilbur, J., Lennon, J., and Sloane, J., voted for rehearing.