[Civ. No. 3964. First Appellate District, Division Two.—September 23, 1921.]

## ALMA A. JENSEN et al., Respondents, v. FRED W. FISH et al., Appellants.

[1] NEGLIGENCE—CROWDING AUTOMOBILE OFF HIGHWAY—CONFLICT OF EVIDENCE—APPEAL.—In an action for personal injuries received as the result of defendant's bus crowding plaintiffs' automobile off the highway, the verdict will not be disturbed where the evidence is conflicting.

[2] ID.—CONTRIBUTORY NEGLIGENCE—INSUFFICIENCY OF EVIDENCE.— In such action, it cannot be contended that the driver of plaintiffs' automobile was guilty of contributory negligence because he did not take every precaution that a careful calculation afterward showed he might have taken.

[3] ID.—GIVING OF SIGNAL—RATE OF SPEED—PLEADING—INSTRUCTIONS.—Where in such action the complaint charged that the defendants so negligently drove their bus that it forced plaintiffs' automobile off the highway, instructions regarding the giving of a signal on passing and regarding the rate of speed were proper, since they were probative elements of negligence.

APPEAL from a judgment of the Superior Court of Alameda County. Fred V. Wood, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Dunn, White & Aiken for Appellants.

T. J. Ledwich and Peter J. Crosby for Respondents.

STURTEVANT, J.—The plaintiffs, as husband and wife, brought an action against the defendants to recover damages for personal injuries sustained by the plaintiff wife in an automobile accident. The plaintiffs recovered a judgment and the defendants have appealed under the new method.

In the charging part of their complaint, the plaintiffs aver that at the time of the accident they were traveling in a Ford sedan in the public road leading from San Jose to Oakland; that the defendants were operating a certain automobile bus; that at the time of the accident the defendants so carelessly, negligently, and unskillfully drove, operated, and ran said automobile bus that said bus collided with and struck the Ford sedan and forced, crowded, and knocked it and the occupants thereof off the road. In support of their pleading, evidence was introduced by the plaintiffs to the effect that the defendants' bus approached from the rear at a speed estimated, by different witnesses, at from thirty to thirty-seven miles an hour; that the driver gave no signal of warning; that on meeting up with the Ford sedan the driver of the bus turned to the left, and, when immediately ahead of the Ford sedan, swerved the bus to the right at an angle estimated at from sixty to seventy degrees, and that the Ford sedan, although at that time traveling with its left wheels on the roadbed proper and its right wheels on the right-hand shoulder, swerved still more to the right and later turned over in a ditch on the right-hand side. The jury returned a general verdict and certain special verdicts. The general verdict was in favor of the plaintiffs and the special verdicts were as follows: (1) The defendants' stage did not actually strike and knock plaintiffs' automobile from the highway;

54 Cal. App.—20

(2) it did strike or come in contact with the plaintiffs' car; (3) it did force plaintiffs' automobile off the highway; and (4) it did crowd plaintiffs' automobile off the highway. [1] In their first point the appellants strenuously insist that the automobile bus did not touch the Ford sedan. However, there was evidence both ways and the jury, in its special verdict No. 2, found against the defendants on that issue. There was such a reasonable conflict in the testimony that we are not at all inclined to take the view that this case, in this respect, does not fall within the rule so often repeated that appellate courts have no right to disturb the verdict of the jury when the evidence is conflicting. Furthermore, if we should hold that the second special verdict is not sustained by the evidence, nevertheless the judgment must stand, for it is supported by the general verdict and special verdicts Nos. 3 and 4. [2] The appellants contend that the driver of plaintiffs' automobile was guilty of contributory negligence. This contention rests on the argument that the driver of the Ford sedan did not use the very best of judgment at the time he saw the automobile bus attempting to cross in front of him. The supreme court said in *Karr* v. *Parks*, 40 Cal. 188, 193, " . . . it would be absurd to hold that even an adult person, in time of imminent danger, is negligent, unless he takes every precaution that a careful calculation afterward will show he might have taken." That case was recently cited with approval in *Shupe* v. *Rodolf*, 185 Cal. 371, [197 Pac. 57]. Moreover, looking at the record at this time, many months after the accident, we are unable to see that the driver of the Ford sedan did anything he should not have done, or omitted to do anything he should have done. [3] The trial court gave an instruction to the jury regarding the duty of the driver of the vehicle to give a suitable and audible signal when he is about to pass another vehicle on the public highway. It also gave an instruction regarding the rate of speed which was legal at the time and place of the accident. It is conceded that both instructions were, in the abstract, correct statements of law; however, it is contended that the subject of each of the instructions was not involved in the issues made by the pleadings. In passing it may be said that much evidence was introduced at the time of the

trial on both subjects by both parties, without any objection. The record does not show whether the instructions in question were tendered by the plaintiff or by the defendant, or were given by the court of its own motion. The appellants claim that the complaint, which we quoted above, charges specific negligence and that it does not charge excessive speed or failure to give a signal. This contention may be conceded and yet the contention does not lead to the conclusion which the appellants contend for. Whatever else may be charged in the complaint, it is patent that the complaint charges that the defendants so negligently drove their bus that it forced the Ford sedan off the highway. The probative elements of that negligent act are, among other things, the size, the speed, the want of signal, and the close proximity in which the bus attempted to pass at an angle of sixty or seventy degrees across the path of the Ford sedan. Instructions on each and every one of these probative elements were pertinent to the rights and liabilities of the litigants. There was no error in giving either of the instructions.

We find no error whatsoever in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.