[Civ. No. 4017. Second Appellate District, Division One.—June 23, 1924.]

H. C. WILEY, Appellant, v. PAULINE COLE, Respondent.

[1] NEGLIGENCE—SPEED AT INTERSECTION—ERRONEOUS INSTRUCTION.— In an action for damages arising out of an automobile collision occurring at a time when section 22a of the Motor Vehicle Act of 1919 (Stats. 1919, p. 220) was in force, and which provided in effect that where an intersecting highway was in a business district of an incorporated city, or where the driver's view of the roadway

1. See 3 Cal. Jur. 996.

was obstructed, the rate of speed of an automobile crossing an intersection of streets should not be greater than fifteen miles per hour, it is error to instruct the jury that "under the Motor Vehicle Act plaintiff was not permitted to drive his car at an intersection of a highway at a greater speed than fifteen miles per hour," without taking into consideration whether or not the intersection was within a business district or whether or not the driver's view was obstructed.

[2] ID.—ACCIDENT OUTSIDE INTERSECTION—MISLEADING INSTRUCTION.— In such action, where the evidence shows unquestionably that the accident occurred at a point outside the intersection, the instruction to the effect that if the jury found that "plaintiff was driving his car past the intersection . . . at a greater rate of speed than fifteen miles per hour" he "was guilty of negligence as a matter of law," and that "if such negligence directly or proximately contributed to the happening of the accident in any degree, however slight," the verdict should be for the defendant, was misleading and prejudicially erroneous, for, while any negligence on the part of plaintiff which contributed directly or proximately to the happening of the accident would bar recovery, such an instruction predicated upon his negligence at some prior time was a statement of law inapplicable to the question of his negligence at the time the collision occurred.

[3] ID. — OBEDIENCE TO LAWS — EXERCISE OF ORDINARY CARE—LAST CLEAR CHANCE — INSTRUCTIONS.—In such action, taking into consideration the admitted fact that at the time the accident occurred defendant was violating the terms of the statute, in that she was operating her automobile on the wrong side of the road, it was error for the court, after instructing the jury in substance that in operating her automobile defendant had a right to act upon the belief that all other persons using the highway would exercise ordinary care in the operation of vehicles thereon, and that such persons would not violate any laws with reference to the operation of such vehicles, to further instruct the jury that defendant "had the right to assume that the plaintiff as well as all other persons using the highway were exercising ordinary care in driving their vehicles in accordance with law and were not violating any of the speed limits, and if you shall find the plaintiff was driving at an excessive rate of speed, still the defendant had the right to drive her car until in the exercise of ordinary care she had known that the plaintiff was in a position of danger and unless you shall find that the defendant could have avoided the accident after the actual discovery of the peril of the plaintiff, then your verdict should be for the defendant."

2.   See 2 Cal. Jur. 1026; 14 R. C. L. 775.
3.   See 3 Cal. Jur. 927, 929; 19 Cal. Jur. 651; 20 R. C. L. 138.

[4] ID.—IMMINENT DANGER—PRECAUTION REQUIRED—INSTRUCTIONS.—
In such action, it was error to refuse to instruct the jury, as re-
quested by plaintiff, that a plaintiff in an action of that char-
acter could not lawfully be charged with contributory negligence
merely because in time of imminent danger he did not take every
precaution which, from a careful review of the circumstances, it
afterward appeared that he might have taken to avoid the
accident.

---

(1) 28 **Cyc.**, p. 49; 38 **Cyc.**, p. 1632.   (2) 28 **Cyc.**, p. 49; 38 **Cyc.**,
p. 1618.   (3) 28 **Cyc.**, p. 49.   (4) 28 **Cyc.**, pp. 38, 49; 38 **Cyc.**,
p. 1703.

APPEAL from a judgment of the Superior Court of
Orange County. R. Y. Williams, Judge. Reversed.

The facts are stated in the opinion of the court.

David R. Faries, John R. Berryman, Jr., and J. Allen
Davis for Appellant.

Arthur E. Koepsel for Respondent.

HOUSER, J.—From the record in this case it appears
that a collision between two automobiles occurred at about
9 o'clock at night near the intersection of two streets, by
reason of which plaintiff sustained damages to his auto-
mobile, and thereafter brought an action against defendant
therefor, which resulted in a judgment on a verdict being
rendered in defendant's favor; and from which judgment
plaintiff has appealed to this court.

Defendant was traveling in a southerly direction and plain-
tiff was traveling in a northerly direction. Defendant had
been driving her automobile on the westerly or right side
of the street, but as she approached a certain intersecting
street, into which she intended to turn in an easterly direc-
tion, she left the westerly side of the street on which she
had been driving and thereafter drove her automobile on
the easterly side thereof to a point estimated as being at
least fifteen feet from the northerly line of the intersecting
street, where the collision occurred. Plaintiff was driving
his automobile at all times in question on the right or east-

---

4. Emergency rule as applied to automobile drivers, notes, 6
A. L. R. 680; 27 A. L. R. 1197. See, also, 3 **Cal.** Jur. 841; 19 **Cal.**
Jur. 598, 763; 20 **R. C. L.** 134.

erly side of the street, and was traveling at a rate of speed, as he crossed the intersection, of from twenty to twenty-five miles per hour.

Many different forms of prejudicial error are urged by appellant; but for the purpose of deciding this appeal but one series of such alleged errors, consisting of certain instructions requested by plaintiff and refused by the court, or in the giving of certain other instructions requested by defendant and given by the court, need receive attention herein.

[1] One of such instructions given to the jury at the request of defendant was as follows: "You are instructed that under the Motor Vehicle Act plaintiff was not permitted to drive his car at an intersection of a highway at a greater speed than fifteen miles per hour, and if you find from the testimony that the plaintiff was driving his car past the intersection of said highway at a greater rate of speed than fifteen miles per hour, and you shall find that said intersection was a highway as heretofore defined in these instructions, then I instruct you that the plaintiff was guilty of negligence as a matter of law, and if such negligence directly or proximately contributed to the happening of the accident in any degree, however slight, then I instruct you that your verdict shall be for the defendant, notwithstanding the fact that the defendant may have been guilty of negligence."

The accident occurred on the tenth day of August, 1919, and the statute then in force (sec. 22a, Stats. 1919, p. 220) provided in effect that where the intersecting highway was in a business district of an incorporated city, or where the driver's view of the roadway was obstructed, the rate of speed of an automobile in crossing an intersection of streets should not be greater than fifteen miles per hour. Even assuming that, instead of the accident having occurred at a point at least fifteen feet beyond the street line of the intersection, it had actually occurred within the lines of the street intersection, the instruction, standing by itself, is faulty in that it fails to take into consideration whether or not the intersection was within a business district, or whether or not the driver's view was obstructed. There was no evidence as to what constituted either a "business district" or an "obstruction" within the meaning of the statute; nor was any instruction given by the court to the jury from

which the meaning of either of such terms could be determined. The jury, however, was elsewhere instructed that it was unlawful to operate an automobile across a street intersection at a greater rate of speed than fifteen miles per hour, where the "driver's view of the road is obstructed." With the foregoing conditions noted therein, the latter part of the criticised instruction, which tells the jury that plaintiff was guilty of negligence if he was driving his car at a greater rate of speed than fifteen miles per hour, would perhaps be good law if the accident had occurred within the intersection. [2] But in view of the fact that the accident unquestionably occurred at a point outside the intersection, the instruction was misleading and prejudicially erroneous. Any negligence on the part of plaintiff which contributed directly or proximately to the happening of the accident would bar his recovery; but the instruction in effect that if at some time before the accident occurred plaintiff was driving his automobile across a street intersection at a greater rate of speed than fifteen miles per hour would constitute negligence (even taking into consideration the necessary qualifying provisions of the statute, together with the definitions thereof to which reference has been made), was a statement of the law which was inapplicable to the question of plaintiff's negligence at the time the collision occurred between the two automobiles, but which undoubtedly had a prejudicial effect upon the jury, as indicated by its verdict in the case.

[3] Appellant further complains of an instruction given to the jury at defendant's request, which, after instructing the jury in substance that in operating her automobile defendant had a right to act upon the belief that all other persons using the highway would exercise ordinary care in the operation of vehicles thereon, and that such persons would not violate any laws with reference to the operation of such vehicles—instructed the jury that: "Therefore, I instruct you that the defendant in this case had the right to assume that the plaintiff as well as all other persons using the highway were exercising ordinary care in driving their vehicles in accordance with law and were not violating any of the speed limits, and if you shall find that the plaintiff was driving at an excessive rate of speed, still the defendant had the right to drive her car until in the exercise of ordi-

nary care she had known that the plaintiff was in a position
of danger and unless you shall find that the defendant could
have avoided the accident after the actual discovery of the
peril of the plaintiff, then your verdict will be for de-
fendant.''

Taking into consideration the admitted fact that at the
time the accident occurred defendant was violating the terms
of the statute in that she was operating her automobile on
the easterly side of the road, by this instruction the jury
was erroneously instructed that, although defendant was her-
self guilty of negligence in driving her automobile on the
''wrong side of the road,'' she was to be wholly excused
therefrom and a verdict should be rendered in her favor
unless in the exercise of ordinary care she knew that plain-
tiff was in danger, and after such discovery of plaintiff's
danger ''defendant could have avoided the accident.'' In
other words, after defendant by her negligent acts had
placed plaintiff in a dangerous situation and from which the
accident resulted, if thereafter, with knowledge of plaintiff's
peril, defendant could not have avoided the accident, she
was to be held blameless, without reference to whether or not
the assumed ''excessive rate of speed'' that plaintiff was
driving was a contributing proximate cause of the accident.
The instruction appears further to prejudice plaintiff's rights
in that plaintiff's ''excessive rate of speed'' was thereby
determined by the court as being at least a proximate cause
of the accident. That, however, assuming that there was
any evidence justifying the inference that *at the point of
the accident* plaintiff was driving at a rate of speed which
was in violation of the provisions of the statute, was a ques-
tion which, under appropriate instructions from the court,
was solely for the jury to determine; that is to say, whether
or not the speed at which plaintiff's automobile was being
driven was the cause which in natural and continuous se-
quence, unbroken by any efficient intervening cause, produced
the accident, and without which excessive and unlawful speed
the accident would not have occurred. If the speed of plain-
tiff's automobile was not a cause which contributed directly
or proximately to the happening of the accident—in other
words, if the accident would have happened whether plain-
tiff was driving at the rate of twenty-five miles per hour,
or at five miles per hour, or at any other speed, and if plain-

tiff was guilty of no other direct, contributing cause to the accident, no reason would be apparent why defendant should not be held responsible for the negligent act or acts which were the proximate cause or causes of the collision between the two automobiles.

[4] The court also incorrectly refused to instruct the jury, at plaintiff's request, in effect that a plaintiff in an action of the character before the court could not be lawfully charged with contributory negligence merely because in time of imminent danger he did not take every precaution which, from a careful review of the circumstances, it afterward appeared that he might have taken to avoid the accident. (*Karr* v. *Parks,* 40 Cal. 188.) The question of what plaintiff should have done in the circumstances here presented was exclusively within the province of the jury, and it should have been permitted to determine whether or not, all the evidence considered, plaintiff was guilty of contributory negligence. (*Shupe* v. *Rodolf,* 185 Cal. 371 [197 Pac. 57]; *Jensen* v. *Fish,* 54 Cal. App. 304 [201 Pac. 954].)

Other alleged errors need not be considered. It sufficiently appears, as hereinbefore indicated, that plaintiff's rights were prejudicially affected by reason of certain instructions which, at defendant's request, were given by the court to the jury, as well as by at least one of plaintiff's requested instructions which the court refused to give to the jury; for which reasons plaintiff is entitled to a new trial.

It is ordered that the judgment be and the same is reversed.

Conrey, P. J., and Curtis, J., concurred.