## ERCANBRACK v. ELLISON et al.

No. 6527.   Decided February 17, 1943.   (134 P. 2d 177.)

*H. G. Metos* and *E. A. Rogers,* both of Salt Lake City, for appellant.

*Christenson & Christenson,* of Provo, and *Don Mack Dalton,* of American Fork, for respondents.

LARSON, Justice.

There is but one question before us on this appeal. Does the evidence sustain a finding that plaintiff was guilty of contributory negligence? Plaintiff instituted this action to recover damages to himself and his truck in a collision with a truck of defendant Harwood, on U. S. Highway 50 in Spanish Fork Canyon. The essential facts which are well sustained by the evidence show that on January 13, 1941, at about 6 in the evening and at a time the evidence in this action begins plaintiff was driving south along U. S. Highway 50 near Colton in Spanish Fork Canyon in a ton and a half truck loaded with farm produce. He was driving about 20 miles per hour. A coal truck, belonging to defendant, Ellison, headed north on said highway was parked on the east side of the road. Another eleven ton truck loaded with coal, driven by defendant, Harwood, was driving north on said highway at a point south of the parked Ellison truck at about 25 miles per hour. When plaintiff was about ½ mile from the other trucks, their lights blinded him at times and interfered with his vision. This condition continued until about the moment of the crash. Harwood flashed his spotlight several times, thus signaling to all cars ahead, according to the custom of truckers, that he intended to pass the Ellison truck. Both plaintiff and the driver of the Ellison truck saw the signal and knew what it meant. As plaintiff's truck and the Harwood truck drew near the parked Ellison truck the latter started again moving north along the highway. As the Harwood truck moved into the center of the highway to pass the Ellison truck, it collided with the plaintiff's truck, the left front corner of the bodies forming the point of impact. As the cars stood immediately after the impact, the plaintiff's truck was on the west half of the highway, his right wheels about 12 inches in from the edge of the oil mulch or hard surface. The front end of Harwood's truck was astride the center line of the highway, about half way on each side. The inside dual rear left wheel was 4 inches over the center line. The trial court, sitting without a jury, found all three

parties were negligent and denied recovery. This being a law case, we do not determine whether as a fact plaintiff was negligent, but only whether or not the evidence sustains the finding of the trial court to that effect. As indicated above there is evidence to show that plaintiff driving along the highway was for a distance of about ½ mile partly blinded, and his vision considerably interfered with by the bright lights of oncoming cars; he knew the rear car was intending to pass, and was about to pass the other, and yet he did not stop or slow up, or even pull off as far as practicable to his right to allow the other cars all possible room to pass without accident, or to avoid accident to himself. He kept the even tenor of his way, driving along into the bright blinding lights of oncoming cars, knowing he would probably meet them two abreast, taking no care or action for his own safety except to keep on his side of the center line. By his own action he put the three cars, in the night-time abreast across the highway, when vision was bad and clearance not so easily controlled. He testified that he knew perspective was faulty at nights; that it is hard to judge distance and location by the lights of cars; that he traveled nearly a half mile while the lights continued so bright he could hardly see anything, and Harwood kept flashing his spot light for a clear road to pass the Ellison car; that notwithstanding these facts he kept on driving up the road toward them until Harwood finally crashed into him; when the three cars were in line across the highway.

There are many authorities, and we know of none to the contrary, which hold that where an automobile which is being driven on its right-hand side of the street is approaching another automobile which is being driven in the opposite direction, it is the duty of the driver to use reasonable care to avoid a collision, even if the approaching car is being driven on the wrong side of the road. *Farrell* v. *Cameron*, 98 Utah 68, 94 P. 2d 1068, and cases therein cited. The Supreme Court of Iowa in *Carruthers* v. *Campbell*, 195 Iowa 390, 192 N. W. 138, 139, 28 A. L. R. 949, said:

"In this case the jury could properly find that plaintiff was on the right side of the road. This would not, of course, justify him in failing to use reasonable care to avoid a collision with defendant, even though the latter were on the wrong side, but whether he was negligent in this respect was quite clearly a jury question."

In *Shupe* v. *Rodolf*, 185 Cal. 371, 197 P. 57, 58, the court says:

"Whether under the circumstances here presented the plaintiff did what he reasonably could to avoid the collision is * * * a question about which there might be a reasonable difference of opinion. Such being the case, the answer * * * was exclusively within the province of the jury, and we cannot disturb their conclusion."

We need not determine whether the record presents a case of negligence as a matter of law. It certainly does present a case sufficient to go to the jury to say whether plaintiff's conduct, under the circumstances, was negligence, and whether such negligence proximately contributed to the accident. The court, sitting as a trier of fact, found against plaintiff on these questions. There being ample evidence to sustain such finding, the judgment is affirmed. Costs to respondents.

McDONOUGH and MOFFAT, JJ., and GEORGE A. FAUST, District Judge, concur.

WOLFE, Chief Justice (concurring).

I think the opinion correct under the circumstances of the case. But circumstances alter cases. Most of us while driving on the highway have been confronted by the necessity of going off the road or making a sudden application of the brakes or both by some reckless fellow who whips past a driver with insufficient space or allowance in view of oncoming cars. Such person is prone to place upon the approaching driver the responsibility of avoiding an accident made probable by his own disregard for safety. We are in this case not losing sight of the difference between

negligence of an approaching driver who varies his course not a little because he stands on his right of way under all circumstances and the case where there is an attempt to charge him with negligence because he is not able to avoid the effect of the negligence of the other fellow. All a negligent actor can expect is that the other himself will not contribute to the result by negligence. He cannot expect that the other be put to the extraordinary effort to save the negligent actor from the natural consequences of his own negligence.