[Civ. No. 5053.  Second Appellate District, Division One.—July 2, 1927.]

MRS. A. A. STRAND, Appellant, v. P. L. EVERETT, etc., Respondent.

E. R. Simon and Harry B. Ellison for Appellant.

Thos. C. Yager and O. K. Morton for Respondent.

McLUCAS, J., *pro tem.*—Plaintiff brought suit to recover damages for personal injuries and property loss arising from the alleged negligence of defendant in overflowing plaintiff's automobile tank at a gasoline filling station so that the automobile took fire, which caused the loss and injury. The trial court gave judgment for the plaintiff in the sum of $240, and the plaintiff appeals from the judgment.

Plaintiff's husband, A. A. Strand, testified that he drove the plaintiff's automobile from Brawley and stopped at the service station of the defendant at Indio. At that time Tyler G. Duff was sitting in the front seat with Strand and to his right. Plaintiff was sitting on the right side, and Mrs. J..F. Warner on the left side of the rear seat of the automobile. Plaintiff's husband got out of the automobile from the left side of the car and went to the right of the front seat and measured the contents of the gasoline tank, while Duff stood on the left side of the car near the front end, and the ladies remained in the rear seat of the automobile. That after measuring the contents of the gasoline tank he stated to Craig, the defendant's employee who was in charge of the service station, ''I want four gallons of

gasoline." That he heard no further remark from Craig; that Craig inserted the end of the nozzle into the gasoline tank and began to pump; that shortly after the commencement of the pumping by Craig the tank overflowed, at which instant he shouted to Craig, "I said four gallons"; that Craig thereafter made a half turn of the pump and then said, "Oh, I forgot," and at that instant the portion of the automobile near the gas tank broke out in flames. Duff testified that he stood near the left front fender and Strand measured the gas in the tank and said to Craig, "Four will be enough"; that Craig inserted the end of the hose into the gasoline tank and said, "Well, it will take five, then," but that Strand made no reply; that Craig operated the pump, and he then heard Strand say, "Stop, you are giving me too much—I said four gallons"; that Craig then remarked, "I beg your pardon, I did not—," and pulled the hose from the gasoline tank while it was running half capacity of the nozzle; that the hose was entirely away from the automobile when the flames broke out from the tank. Mrs. Warner testified that she heard Mr. Strand say, "I want four gallons." Mrs. Strand testified that she heard Strand say, "It will take four gallons," and that she did not hear Craig make any remark after Strand had ordered the four gallons of gasoline. V. W. Lockwood testified for the defense that he was at the service station of the defendant when the Chevrolet automobile was driven to the station by Strand; that he stood in the front door of the service station, while Craig went to the gasoline pump, a distance of about twenty feet; that he heard Strand say, "Look out, it is running over"; that at the same time he saw gasoline drip underneath the car, and a few seconds later he saw a ball of fire drop from the engine pan, and then the car took fire; that he did not see any gasoline come out of the end of the hose when Craig threw it to one side; that Craig had stopped pumping when Strand said, "Look out, it is running over." Craig, the defendant's employee, testified that Strand was measuring the gasoline tank when he arrived at the automobile; that Strand withdrew the measuring stick from the tank, and, while looking at the stick, said, "Four gallons"; that he handed the hose to Strand, and said, "Well, it will take five more then, won't it?" that Strand did not answer; that he then started the operation of the pump, which was set at

the five-gallon mark; that after he had completed the run of the pump and had stepped away from it to prepare to drain the hose, he heard Strand say, "It is running over," and Strand immediately added, while holding up the nozzle, "I said four gallons"; that he replied, "I beg your pardon, I did not—"; and at that time the gasoline took fire.

It thus appears that the evidence was in sharp conflict as to whether Strand ordered four or five gallons of gas. The trial court's findings were:

### "III.

"That at the said time and place the said plaintiff gave said order for gasoline to *plaintiff* in a careless, indefinite, heedless, thoughtless and negligent manner, resulting in confusion and misunderstanding as to the amount of gasoline ordered; that plaintiff was careless and negligent in not responding to defendant's inquiry of the amount of gasoline desired; that plaintiff was careless and negligent in not giving proper attention and care to the business then in hand of ordering gasoline for his automobile.

### "IV.

"That at the said time and place, the said defendant negligently placed and attempted to place gasoline in the said automobile in excess of four (4) gallons, thereby causing the gasoline tank on said automobile to overflow and gasoline to be spilled on said automobile and the mechanism thereof, and said automobile shortly thereafter ignited and burned, demolishing and totally destroying said automobile and injuring plaintiff, Mrs. A. A. Strand. That the negligence of defendant was not wilful nor deliberate.

### "XIII.

"That it is not true that the said plaintiff, Mrs. A. A. Strand and A. A. Strand, well knew at the time of the driving of the said automobile to the service station of said defendant that the said automobile and mechanism and machinery thereof was overheated and was extremely hot and in a dangerous condition in which to place gasoline or to permit the fumes and vapor of gasoline to come in contact therewith, and that it is not true that the said plaintiff, Mrs. A. A. Strand, or her agent, Mr. A. A. Strand,

carelessly and negligently drove said automobile to said service station in said dangerous condition.

## "XIV.

"That it is true that whatever injuries and damages the said plaintiff, Mrs. A. A. Strand, sustained was consequent upon, due to and was proximately caused by the concurrent negligence and want of care of plaintiff's agent, A. A. Strand, and defendant's agent, E. E. Craig; that it is true that the negligence and carelessness of plaintiff contributed to and was concurrent in setting in motion the proximate and direct cause of the injuries and damage sustained by plaintiff; that the mutual carelessness and negligence of plaintiff and defendant was contemporaneous, concurrent, contributory and continuing down to the very moment of the injury; that the mutual negligence and carelessness of plaintiff and defendant constituted the proximate cause of the injuries and damages sustained by plaintiff and because of the concurrent negligence of plaintiff she is entitled only to nominal damages.

## "XV.

"That it is not true that the said plaintiff, Mrs. A. A. Strand, her agents and the occupants of said automobile drove said automobile to said service station of defendant in an overheated, extremely hot and dangerous condition constituting contributory negligence. That it is true that the concurrent negligence and carelessness of said plaintiff in spilling gasoline on said tank during the filling of the same, contributed to the proximate and direct cause of the injuries and damages suffered by plaintiff."

It is claimed by appellant that Craig's act in overflowing the tank by delivering more gasoline than was ordered is negligence and is the proximate cause of plaintiff's injuries. It was the finding of the trial court that Craig was negligent, and that his negligence was a proximate cause of plaintiff's injury. ·It was also the finding of the trial court, based upon conflicting evidence, that plaintiff was guilty of contributory negligence. Such finding will not be disturbed on appeal where there was some evidence to support it, as it appears from the testimony heretofore stated that there was some evidence tending to prove that plaintiff's agent, Strand, was guilty of negligence in the

indefinite and uncertain manner in which he ordered a quantity of gasoline.

Appellant next contends that finding of fact III is outside the issues, and is not supported by the pleadings nor sustained by the evidence. It is claimed that defendant's pleading does not sufficiently state a defense of contributory negligence in that the facts alleged did not show a causal connection with the injury. It is alleged in the amendment to defendant's answer: "That whatever injury and damages the said plaintiff, Mrs. A. A. Strand, sustained, if any, either to herself or to her property, was consequent upon, and due to, and was proximately caused by the negligence and want of care of plaintiff, Mrs. A. A. Strand, her agents and the occupants of said automobile, to-wit: A. A. Strand, Mrs. J. F. Warner and Tyler G. Duff and that such negligence and carelessness of said plaintiff, Mrs. A. A. Strand, her agents and the occupants of said automobile, to-wit: A. A. Strand, Mrs. J. F. Warner and Tyler G. Duff aforesaid, contributed to and was the proximate and direct cause of said injuries and damage, if any. This defendant further alleges that the said negligence and carelessness of the plaintiff and said others consisted in driving said automobile to the said service station of defendant in an overheated, extremely hot and dangerous condition and in spilling gasoline on said tank during the filling of the same."

Finding III, as hereinbefore quoted, merely states the manner in which plaintiff spilled the gasoline on the automobile tank as alleged in the amendment to the answer. The rule is settled, as held in *Crabbe* v. *Mammoth Channel G. Min. Co.*, 168 Cal. 500, 505 [143 Pac. 714], that while the pleader may charge contributory negligence in general terms, yet he must plead the facts of such negligence, and the facts pleaded must show a causal connection with the injury. But where, as in the case at bar, the trial was conducted throughout upon the theory that contributory negligence of the plaintiff was properly alleged and that the fact was in issue, the rule prevails that the parties cannot on appeal claim a reversal on the ground that the plea was insufficient. (*Busch* v. *Los Angeles Ry. Co.*, 178 Cal. 536, 539 [2 A. L. R. 1607, 174 Pac. 665]; *Schuh* v. *R. H. Herron Co.*, 177 Cal. 13, 18 [169 Pac. 682]; *Kelly* v. *Santa Barbara etc. R. R. Co.*, 171 Cal.

415, 421 [Ann. Cas. 1917C, 67, 153 Pac. 903].) The defendant does, however, affirmatively plead in his amendment to the answer that the damages to plaintiff were proximately caused by the negligence of plaintiff. This was a sufficient plea to put in issue plaintiff's negligence as the proximate cause of the injuries to plaintiff. (*Brkljaca* v. *Ross*, 60 Cal. App. 431, 437 [213 Pac. 290].) It is also to be noted that the answer itself denies and alleges as follows: "That the plaintiff, Mrs. A. A. Strand, or A. A. Strand ordered from the said defendants four (4) gallons of gasoline to be put into the tank of said automobile, but defendants allege that the said A. A. Strand did, on said date, order the agent of the defendants to put into the tank of said automobile five (5) gallons of gasoline." In our opinion, finding III is also supported by the foregoing pleading. Appellant's contention that finding III is not supported by the evidence cannot be upheld in view of the conflicting testimony hereinbefore quoted.

Appellant also urges that the last sentence of finding XV is not sustained by the evidence. This reads: "That it is true that the concurrent negligence and carelessness of said plaintiff in spilling gasoline on said tank during the filling of the same, contributed to the proximate and direct cause of the injuries and damage suffered by plaintiff." In view of the conflict of evidence as hereinbefore indicated, we believe this contention to be without merit.

Appellant's further contentions are necessarily disposed of by the foregoing conclusions and for that reason will not be discussed.

We find considerable difficulty, as does appellant, in understanding how the trial court could render a judgment for expenses incurred by plaintiff for medical care, etc., based on the findings that plaintiff was guilty of negligence. However, defendant has taken no appeal, and that question is not before this court for decision.

It is ordered that the judgment be affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 29, 1927.