Argued at Pendleton May 8, affirmed July 31, 1928.

MARGARET GOEBEL *v.* H. M. VAUGHT.

(269 Pac. 491.)

For appellant there was a brief and oral argument by *Mr. Daniel Boyd.*

For respondent there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. James L. Conley,* with an oral argument by *Mr. Colon R. Eberhard.*

COSHOW, J.—The ruling of the court on the demurrer to defendant's further and separate answer is not questioned in the argument or brief so that assignment of error will receive no further consideration.

■ The question propounded to defendant and objected to by plaintiff is as follows: "Now as to the collision,—you may state whether at that time you were expecting any collision." The question was objected to because it called for a conclusion of the witness. It was answered, however, before the objection was made. The plaintiff moved to strike out the answer and that motion was allowed. During the progress of the trial the question was reasked and the court ruled against plaintiff, permitting the question to be answered. The objection was that the question was immaterial. The trial judge held that it called for the condition of defendant's mind and that he was entitled to answer the question to show that he was not expecting a collision. The information called for by the question was to explain defendant's conduct in not applying the brakes sooner, stopping his car and for other conduct on his part at the time of the collision. If he had been expecting a collision from the appearance of the oncoming automobile, he would have had time to meet the conditions and could have conducted himself with better judgment, probably. Plaintiff made much during the trial, and did in his argument here, be-

cause defendant did not stop his car within the 55 feet between the place of the collision and the river. The purpose of inquiring into the state of defendant's mind was to show that he had no time to reflect—that he was surprised. We think the objection as made was not well taken and that the ruling must be sustained. There is respectable authority permitting the direct testimony of a witness as to the state of his mind, particularly expressing his intent and motive: 1 Wigmore on Evidence, § 581; *Thompson* v. *Collins,* 139 Wash. 401 (247 Pac. 458).

■ Where a person is placed suddenly in a position of imminent peril without sufficient time to consider all the circumstances the law does not require of him the same degree of care and caution as it requires of a person who has ample opportunity for the full exercise of his judgment and reason: 42 C. J., § 592; *Wiley* v. *Cole,* 67 Cal. App. 762 (228 Pac. 550, 552, 553); Berry on Automobiles (4 ed.), § 217; *Noble* v. *Sears,* 122 Or. 162 (257 Pac. 809); *Hansen* v. *Bedell Co.,* 126 Or. 155 (268 Pac. 1020), decided July 11, 1928. One reason for propounding the question objected to as stated above was to bring out to the jury that the collision caused an emergency; that appearances did not indicate to the mind of the driver that a collision was likely. Defendant testified that when his car was struck and hurled at right angles from the course it was proceeding that he endeavored three times to turn it back into the road and its former course so as to avoid going into the river; that the damage to the automobile was such as to lock the steering apparatus; that he did not discover this in time to prevent his automobile from going over the bank into the river. Whether or not he acted as a

reasonably prudent man would have acted under the circumstances was a question to be determined by the jury.

■ Plaintiff complains of the instruction containing this phrase:

"I further instruct you that it is the law that a driver of a vehicle shall drive the same upon the right half of the highway, and shall not drive to the left side of the center line of the highway in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety. * * "

Plaintiff argues that there was no evidence upon which to base this instruction. Defendant pleaded that the collision occurred as a result of Willie George undertaking to pass other cars going in the same direction and thereby drove over to his left too far. A witness in behalf of defendant, following defendant's car, testified that he saw the lights of Willie George's car on the left half of the highway just before the collision. There was evidence, therefore, upon which to base that instruction.

■■ Plaintiff also complains because the court instructed the jury that the defendant was not bound to watch or look out for other cars leaving their proper side of the road and going on the wrong side of the road. That instruction clearly states the law: *Crowe* v. *O'Rourke,* 146 Wash. 74 (262 Pac. 136); 1 Blashfield, Cyc. of Automobile Law, 289, § 4; *Marsh* v. *Ayers,* 80 Mont. 401 (260 Pac. 702); *Foster* v. *Curtis,* 213 Mass. 79 (99 N. E. 961, Ann. Cas. 1913E, 1116, 42 L. R. A. (N. S.) 1188); *Foote* v. *American Products Co.,* 195 Pa. 190 (45 Atl. 934, 78 Am. St.

Rep. 806, 49 L. R. A. 764); *Angell* v. *Lewis,* 20 R. I. 391 (39 Atl. 521, 78 Am. St. Rep. 881). As almost every statement of law has exceptions, so does this. If a driver sees an automobile approaching his car in a manner likely to cause a collision he should do all he can to avoid that collision, but unless such a condition appears one has a right to assume that all drivers of automobiles will obey the law of the road, and he is not bound to anticipate that anyone is going to disobey it. Whether one who has had a collision exercised the proper precaution and sufficiently endeavored to avoid the collision is a question of fact: *Noble* v. *Sears,* above; *Red Top Taxi Co.* v. *Cooper,* 123 Or. 610 (263 Pac. 64); *Wiley* v. *Cole,* above; *Power* v. *Crown Stage Co.,* 82 Cal. App. 660 (256 Pac. 457, 460).

Plaintiff presents with much vigor the well-established rule of law that one may not always drive his automobile at the maximum rate of speed permitted by law. The law requires an automobile to be always under control of the driver and to proceed at such speed as is reasonably safe under the circumstances, which depend largely upon the amount of the traffic, the condition of the road, its width, alignment and other circumstances not necessary to mention. Plaintiff stresses her allegation that defendant's car was proceeding at a dangerous high rate of speed. Defendant denies that he was and gave the rate of speed his car was moving at the time the collision occurred. Consequently the question presented is one of fact. That issue was settled by the verdict of the jury. Both parties agree as to the law covering the rate of speed as substantially stated above: *Power* v. *Crown Stage Co.,* above; *Pinder* v. *Wick-*

*strom,* 80 Or. 118 (156 Pac. 583); 1 Blashfield, Cyc. of Automobile Law, Chapter 16, beginning in page 318, where the entire subject of speed is thoroughly discussed.

■ Plaintiff also insists upon the principle of law stated thus: "Too firm an insistance upon the right of way, even when one is clearly entitled to it, may be the grossest kind of negligence." 1 Blashfield, Cyc. of Automobile Law, 494; *Erwin* v. *Traud,* 90 N. J. Law, 289 (100 Atl. 184, L. R. A. 1917D, 690). There is no dispute about that principle of law. The general principle is also well stated thus: "Drivers of vehicles, and pedestrians have the right to assume that the driver of an approaching vehicle will observe the rule of the road." 13 R. C. L. 290, note 15; 42 C. J., § 607; *Murphy* v. *Hawthorne,* 117 Or. 319 (244 Pac. 79, 44 A. L. R. 1397); 1 Blashfield, Cyc. of Automobile Law, 289; *Ross* v. *Willamette Valley Transfer Co.,* 119 Or. 395, 399 (248 Pac. 1088). The controversy in the instant case is not so much as to what the law is as it is to the application thereof to the particular facts of the case. The parties agree as to what principle applies to the duty the driver of an automobile owes to his guest. We think the better rule of law is thus stated: The duty which the driver of an automobile owes to an invited guest is to exercise ordinary and reasonable care and not to increase the danger or to create any new danger. This is the majority rule: 41 C. J. 1055, 1056, notes 41, 42; *Cleary* v. *Eckart,* 191 Wis. 114 (210 N. W. 267, 51 A. L. R. 576, 581). It is true that some authorities hold that the host owes to a guest only the duty of avoiding wilful negligence or gross negligence: 42 C. J. 1056, notes 51, 52. But we accept

the majority rule as hereinabove stated. On this feature of the case the parties agree.

These reasons for our conclusions cover all the assignments of error that were urged in the argument and in the brief. The instructions given by the court were complete and covered every phase of the issues. The requested instructions not given were refused because most of them required the court to invade the province of the jury in determining the issues. All of the requested instructions not given contained objectionable matter. All of the instructions requested by plaintiff to which she was entitled were given in the general charge. Plaintiff's counsel has exhibited much learning and extended research, and he has made the most of his client's case. Whether or not defendant's car was proceeding at an excessive rate of speed was a question of fact. Whether or not defendant's conduct under the circumstances in watching the right-hand edge of the traveled portion of the highway was negligence under the circumstances was also a question of fact. It is a fact that many people who drive, consciously or unconsciously, steer their car toward the direction in which they are looking. Defendant was traveling along a curve. He testified that he was proceeding at about 20 miles per hour at the extreme right of the traveled portion of the highway with his spotlight directed to the right-hand border of the highway and was traveling as near that border as it was safe for him to travel. There was evidence tending to prove that Willie George was driving on the left half of the road just before the collision. The jury evidently believed from the testimony that the accident to plaintiff and her consequent injuries were

not caused by the negligence of defendant. There is no reversible error in the record. The judgment is affirmed. AFFIRMED.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.