Argued March 14; reversed April 4; rehearing denied May 9, 1933

# SMITH *v.* LAFLAR

(20 P. (2d) 391)

*E. L. McDougal,* of Portland (Lawrence Lister, of Portland, on the brief) for appellant.

*Guy O. Smith,* of Salem (P. H. D'Arcy, of Salem, on the brief) for respondent.

BELT, J. The judgment in favor of plaintiff on former appeal was reversed for the reason that there was no evidence that plaintiff had paid to defendant anything for his transportation at time of injury and, as a guest, could not recover under section 55-1209, Oregon Code 1930, unless it be shown that "such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others". After dismissing the first action, plaintiff instituted a second one charging the defendant with gross negligence in the operation of the automobile. Defendant admitted that plaintiff was a guest, but denied generally every other allegation of the complaint. Verdict and judgment was again had for the plaintiff. Defendant appeals, urging error in the instructions and in the admission of certain testimony.

■ Over the objection of the defendant, the court permitted plaintiff to introduce testimony relative to a certain commission that was to be paid by plaintiff in the event an exchange of real property was consummated. The object of such testimony was to show that plaintiff paid for his transportation and therefore did not come under the provisions of section 55-1209, Oregon Code 1930. Witness the following part of the record:

"Q. What if anything was said about commission for the handling of it?

"Mr. McDougal: Objected to as incompetent, irrelevant and immaterial, and not having any bearing on the issues of this case.

"Mr. Smith: I think this was part of the arrangemen and would be admissible under that theory. The purpose of this testimony is to show he wasn't just an invited guest, they were out on a business matter, and I think it is relevant for that purpose.

    \*     \*     \*     \*     \*

"Mr. McDougal: This case is certainly predicated upon the theory that the plaintiff here was the guest of defendant, and that being true, it is unnecessary, it seems to me, and certainly incompetent to go into any arrangement with reference to a payment and commissions, and so forth. That hasn't anything to do with the case, because this is brought on the ground that defendant was grossly negligent, the statute is conceded, and it wouldn't make any difference whether there was a commission paid or not.

"The Court: The burden is upon the plaintiff to establish that this man was a guest, and also gross negligence on the part of defendant. Now as to what extent testimony of that kind can go to establish that, if it can be established, I cannot say. There are so many authorities on that guest law as on others.

"Mr. Smith: May I suggest, if the court please, that it is also competent for the purpose of showing the relationship of the parties, and the court may determine—or the jury may, as a question of fact, that the relationship of guest did not exist, that is a matter they can't anticipate, and they are certainly entitled to hear evidence.

"The Court: I think perhaps it would be advisable to let in the circumstances involved at the time and just prior thereto, anything leading up to it, in order that the jury may understand the situation, and if I should find later on that it was an error on my part I can give an instruction later on; I will overrule the objection.

    \*     \*     \*     \*     \*

"A. Why we discussed the proposition that he would charge each one of us—pardon me if I get a little confused—five per cent is the rate, they charge,

and then he would charge each of us two and a half per cent, divide the cost between us.

        \*        \*        \*        \*        \*

"The Court: I notice in the answer there is an admission that plaintiff was a guest of defendant.

"Mr. Smith: Yes, I know they admit it, but there is no allegation in the complaint as to the relationship of these parties, he volunteers it, in other words, he puts his own construction on it. We have alleged the facts, attempted to set forth the facts and he admits they were guests; whether they were or not is a matter for the jury.

"The Court: Don't you claim he was a guest?

"Mr. Smith: We don't allege it in express terms, but it is on that theory, yes".

On former appeal, the law of the case—based on substantially the same state of facts—was declared to the effect that plaintiff was a guest without pay and that defendant could not be held liable for ordinary negligence. The above testimony was not relevant to the issues of the case and only tended towards confusion. It was admitted in the answer that plaintiff was a guest. However, the court undertook to cure such error by the later instruction that plaintiff could not recover without showing defendant to be guilty of gross negligence. If this were the only error involved, perhaps a reversal would not be warranted.

There is no merit in the second assignment, viz., that the court erred in refusing defendant's requested instruction defining "gross negligence". The court covered this request in an instruction in keeping with the definition of gross negligence as announced in *Storla v. S. P. & S. Co.*, 136 Or. 315 (297 P. 367, 298 P. 1065).

■ Defendant contends that the jury was confused by the inconsistent and contradictory instructions rela-

tive to the charge of negligence. In certain parts of the instructions the court clearly and explicitly advised the jury that defendant's conduct was not to be measured by the law of ordinary negligence, but that plaintiff, in order to prevail, must go further and show that defendant was guilty of gross negligence. In other parts of the charge the court instructed relative to the law of what might be termed ordinary negligence. In accordance with the request of the plaintiff, negligence was defined, but the jury was not told that such definition was given for the purpose of distinguishing it from gross negligence. Defendant, in its exception, specifically directed the court's attention to this instruction and the likelihood of confusing the jury as to the degree of care required of the defendant. We also note that part of the charge wherein the court said: "The driver of a motor vehicle owes to those riding with him the duty to exercise ordinary and reasonable care and not to increase the danger or to create any new danger". This instruction was taken verbatim from *Goebel v. Vaught,* 126 Or. 332 (269 P. 491), rendered prior to the enactment of the guest statute. This instruction is absolutely contradictory and inconsistent with those given relative to gross negligence. We are unable to say with any degree of certainty by which standard of care the conduct of the defendant was measured.

■ The trial court in the language of the statute instructed that "No vehicle shall be moved, run or operated on the roads, streets or highways of this state by any person unable to control and properly operate the same with due regard to the safety of the public and other vehicles". This instruction was not applicable to the facts and not within the issues of the case as

there was no claim that the defendant was at any time an incompetent driver or unable to control his automobile.

■ It was also error to instruct the jury relative to contributory negligence as such was not an issue in the case under the pleadings. However, we think this is not a matter of which the defendant may complain. It is mentioned merely to show that the case was not submitted on the specific issues involved and may well have tended towards confusion.

■ Relative to the measure of damages, the court instructed the jury that, if they found for the plaintiff, it could "award him such an amount as general damages not exceeding $5,000, as you find would fairly compensate him for the pain and suffering plaintiff has been and will suffer on account of the injuries he sustained". While this instruction, in itself, might not be sufficient to justify reversal, it is subject to criticism in that there is an invasion of the province of the jury.

Viewing the record in its entirety, we are constrained to hold that defendant has not had such a trial as he is entitled to under the law. It follows that the judgment is reversed and the cause remanded for a new trial.

RAND, C. J., ROSSMAN and CAMPBELL, JJ., concur.