(No. 5948. November 7, 1933.)

W. P. FRENCH and SOPHIE K. FRENCH, Husband and Wife, Respondents, v. J. W. TEBBEN and DOLLIE TEBBEN, Husband and Wife, Appellants.

[27 Pac. (2d) 475.]

James R. Bothwell and Vaughn A. Price, for Appellants.

Turner K. Hackman, for Respondents.

WERNETTE, J.—From a judgment in favor of plaintiffs, in an action for personal injuries, and order overruling motion for new trial, defendants have appealed.

The injuries sustained by plaintiff, Sophie French, were the result of an automobile accident which occurred about 7 o'clock in the evening of October 30, 1931, At the time of the accident the plaintiff was riding in a Buick sedan, owned and operated by defendant, Dollie Tebben, and in which the two women were returning to Twin Falls from a trip to Burley.

While proceeding along the main highway, in a westerly direction, at a speed of about 70 miles an hour, the defendant attempted to pass a Chrevolet truck, which was traveling in the same direction, when the highway was not free from oncoming traffic, and in doing so collided with a Ford automobile proceeding in an easterly direction. The operator of the Ford automobile, at the time, was driving in a reasonable and safe manner.

It was the plaintiffs' contention that the defendant, Mrs. Tebben, at the time of the accident, was operating the car in a grossly negligent manner, in that she attempted to pass the truck traveling in the same direction when the highway was not free from oncoming traffic, and at a highly excessive and grossly negligent rate of speed; defendant giving no heed when asked by the plaintiff, prior to the accident, to lessen her speed. The plaintiff testified on this point as follows:

A. "As we got over the railroad track this side of Murtaugh there was a Ford bug coming—I don't know whether it was a bug or not, it was a Ford passed us—and Mrs. Tebben said, 'Look at that Ford go'; and she said, 'Watch

me catch it.' She said, 'I never tried this Buick out before,' and she started after it; and I said 'Tebben, don't go fast,' and she kept on going and I still kept pleading with her, 'Please don't go so fast,' and she kept on going, and after we got over the bridge she passed this Ford and after we got in between the bridges I said, 'Tebben, please don't go so fast,' and I put my hand on her shoulder and I said, 'Please, Tebben, don't go so fast . . . . and all the time I was watching the speedometer, and I said, 'Tebben you are going seventy miles an hour'; and she said, 'Yes, I can go eighty'; and I said, 'You will kill us,' . . . . ''

The plaintiff contended further that she was riding as a guest in defendants' automobile, and that as defendant, Dollie Tebben, was operating the same in a grossly negligent manner the plaintiff was entitled to recover under the provisions of section 48–901, I. C. A., as follows:

"No person transported by the owner or operator of a motor vehicle *as his guest*, without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator *or caused by his gross negligence* or his reckless disregard of the rights of others.''

On the other hand the defendants denied that defendant had driven the car in a grossly negligent manner, or that plaintiff was riding in the car as a guest; and as an affirmative defense set forth that the plaintiff herself was contributorily negligent.

The case was tried to a jury and judgment was rendered for the plaintiffs, and damages assessed at $2,100.

A number of substantial propositions of law have been submitted by assignments of error of appellants for consideration and determination.

In the answer of appellants is set forth an affirmative defense, wherein appellants allege in general allegations that respondent, Sophie French, was guilty of contributory negligence; therefore not entitled to recover. Respondents did not file a demurrer on the ground of uncer-

tainty to such affirmative defense, but now on appeal claim that appellants have no right to avail themselves of the defense for the reason that such defense was not sufficiently pleaded; appellants not having specifically set forth the specific acts in which it was claimed respondent was negligent, which contributed to her injury. This objection on the part of respondents is not well taken. The defense of contributory negligence, when pleaded by way of general allegations, is sufficient to raise the issue when not attacked by demurrer for uncertainty. Especially is that true when the trial is conducted upon the theory that contributory negligence is in issue and is to be considered as a defense, and when the parties request instructions thereon. (*Strand v. Everett,* 84 Cal. App. 358, 258 Pac. 115; *Hicks v. Cramer,* 85 Colo. 409, 277 Pac. 299; *Sand Springs Ry. Co. v. Woods,* 85 Okl. 179, 217 Pac. 363; *Wallace v. Portland Ry., Light & Power Co.,* 103 Or. 68, 204 Pac. 147; *Brown v. Seattle City Ry. Co.,* 16 Wash. 465, 47 Pac. 890.)

Respondents take the further position that the defense of contributory negligence is not available to appellants in this case for the reason that under the authorities, where "gross negligence" or a "reckless disregard of the rights of others," as distinguished from "ordinary care," is involved, contributory negligence is not a defense; citing numerous authorities in support of their position. As heretofore stated, however, both parties presented and tried this case in the lower court upon the theory that contributory negligence was a defense. Each of the parties on the trial below requested specific instructions relative to contributory negligence, some of which were given, and in this court for the first time respondents urge the proposition that the plea of contributory negligence is not a defense. Such conduct is not permissible. Litigants must present the issues in this court on the same theory they were presented in the lower court, and are not permitted to present an issue on one theory before the trial court and then attempt to change such theory before the appellate court. (*Peterson v. Universal Automobile Ins. Co., ante,* p. 11, 20 Pac. (2d)

1016, and cases therein cited.) Consequently the defense of contributory negligence is in issue before this court for consideration.

 The court instructed the jury, among other things, regarding the burden of proof of the respective parties as to the issues framed, as follows:

"The burden of proving the affirmative defense set out in the answer of the defendants is upon them and you should require the defendants to establish, by a fair preponderance of the evidence, such allegations."

Appellants contend that said instruction does not correctly state the law; that where the defense of contributory negligence is in issue the burden is not upon the defendants to establish contributory negligence if such negligence be shown by the evidence introduced by plaintiffs; and in a case where any inference of plaintiff's negligence can be drawn from the evidence of plaintiff, the jury should be so instructed. Appellants are correct in this contention. To the instruction, as given, in order to correctly state the law, should have been added the additional qualifying statement, "unless it appears from the evidence introduced by plaintiffs," or words of similar import. For while contributory negligence is an affirmative defense, it may be established or inferred from the evidence of the plaintiff as well as that of the defendant, and the jury should have been so instructed. (*Bryant v. Hill*, 45 Ida. 662, 264 Pac. 896; *Denver City Tramway Co. v. Gustafson*, 21 Colo. App. 478, 121 Pac. 1015; *Virginia Iron, Coal & Coke Co. v. Perkey's Admr.*, 143 Va. 168, 130 S. E. 403; *Florida East Coast Ry. Co. v. Geiger*, 64 Fla. 282, 60 So. 753.) The question arises as to whether appellants' rights were prejudiced by reason of the failure to so instruct. We think not, for the reason that the jury was specifically instructed on the only issue of contributory negligence in issue, as hereinafter pointed out. Instructions are to be considered by the jury as a whole in ascertaining what the law is for their guidance, and the court in the instant case so properly instructed the jury by instruction number 18. (*Breshears v. Callender*,

23 Ida. 348, 131 Pac. 15; *Quirk v. Sunderlin*, 23 Ida. 368, 130 Pac. 374; *Kelly v. Troy Laundry Co.*, 46 Ida. 214, 267 Pac. 222.)

Appellants contend that by reason of the said erroneous instruction given by the court, the rights of appellants were prejudiced, claiming that in three particulars the question of contributory negligence arose from plaintiffs' own case: First, relating to the acceptance by Mrs. French of a known risk of negligent driving. Second, that relating to intoxication. Third, the obviously, not only futile, but feeble protest of Mrs. French. All three questions of negligence being brought into the case by and through the evidence of the plaintiffs. As to this position of appellants we do not agree. In the first particular, which they contend shows contributory negligence on the part of Mrs. French, or from which such an inference can be drawn, we find that in plaintiffs' complaint there is the following allegation:

"That the defendant Dollie Tebben and the plaintiff, Sophie K. French, were, at the said time, on their way to Twin Falls from Burley, Idaho, and the plaintiff Sophie K. French, had on several occasions prior to the occasion just referred to, requested the said Dollie Tebben to drive with more moderation and to slacken speed and at the time of each request the said Dollie Tebben was driving at from sixty to seventy-five miles per hour."

Just immediately preceding that allegation we find alleged in substance the protest that Mrs. French made to Mrs. Tebben, pertaining to the excessive speed at which she was driving; the attempt on the part of Mrs. Tebben to pass the truck traveling in the same direction as the Tebben car and resultant collision between the Tebben car and the Ford traveling in the opposite direction.

Appellants attempt to place a construction on the above-quoted portion of the complaint to the effect that on a number of previous occasions, when Mrs. Tebben and Mrs. French were out riding together, Mrs. Tebben drove her car at an unreasonable and excessive rate of speed, similar to the day in question, and that Mrs. French on

such other occasions protested as to the speed but apparently without avail; that by reason of the fact that Mrs. French had driven with Mrs. Tebben on previous occasions when she was guilty of speeding she thereby knew of the general habit and custom of Mrs. Tebben when driving; consequently when she drove with Mrs. Tebben, on the day in question, she assumed the risk and was guilty of contributory negligence in driving with her when she knew, or should have known, that Mrs. Tebben was a reckless driver or speed fiend.

Such a technical construction cannot be placed on the above allegations of the complaint in view of all of the allegations of the complaint and the evidence in this case. The uncontradicted evidence discloses the fact that Mrs. Tebben was racing with a Ford automobile and driving at a tremendous speed for several miles immediately preceding the collision; that as soon as the race and excessive speed began Mrs. French immediately started protesting and pleading with Mrs. Tebben to slacken speed, and not only once, but time and again prior to the protest specifically mentioned immediately preceding the collision. The only reasonable construction that can be placed on the allegations in the complaint is that the pleader had reference to the excessive speed and protests that were made on this one occasion and not at different times, as contended by appellants. The undisputed evidence also shows, in substance, that when Mrs. French started to protest Mrs. Tebben made the statement that she had never tried out the car before, in which they were driving; that she had never had an accident and that she was going to find out what it could do. And there is not a scintilla of evidence that prior to the day in question Mrs. Tebben was guilty of speeding or reckless driving. The allegations of the complaint do not show contributory negligence.

As to the third particular, regarding the protests of Mrs. French, which appellants claim raises an issue of contributory negligence, there is no merit. The uncontradicted evidence shows that immediately after Mrs. Tebben started

the excessive speed complained of, Mrs. French commenced protesting and continued as best she could up to the time of the collision, as heretofore set forth in the statement of facts; that Mrs. French did protest there is no doubt as her evidence clearly establishes such fact. The appellants did not attempt to contradict the testimony of Mrs. French in this regard, although Mrs. Tebben was on the witness-stand as to other matters. As to the sufficiency of the protest, from the uncontradicted evidence, we hold as a matter of law that it was amply sufficient. It is to be borne in mind that a very short time elapsed from the time the race started until the collision occurred; during that time this woman pleaded with Mrs. Tebben time and time again not to drive so fast, calling her attention to the excessive speed at which she was driving and warned her that both would be killed, which nearly came being a fact. She could not jump out of the car, for that would have been almost the equivalent of suicide, and it would have been equally as dangerous to have attempted to apply the emergency brakes or turn off the ignition switch on a car traveling at the rate of 65 to 70 miles per hour. She did all that could be reasonably expected of her for her own protection. Suggestions made by counsel, as to what else she could have done, are not reasonable under the circumstances and the cases cited by appellants, as to this particular point, are not applicable because in each case an entirely different set of circumstances is disclosed.

This leaves but one particular claimed by appellants on which the evidence of the plaintiffs disclosed facts from which a logical inference could be drawn that Mrs. French was negligent, namely: That with reference to intoxication. We concede that there is ample evidence in the record from which it could have logically been found by the jury that Mrs. Tebben was under the influence of liquor at the time they entered the car to start home and at the time of the accident; that Mrs. French knew or should have known of such fact; also that Mrs. French purchased the liquor which caused such intoxication, and that such intoxication con-

tributed to the proximate cause of the injury. If Mrs. Tebben was intoxicated at the time and such intoxication was one of the proximate causes of the injury, and Mrs. French furnished the liquor to cause such intoxication, or knowingly was willing to ride with her while she was under the influence of liquor, then Mrs. French was guilty of contributory negligence. (*Franco v. Vakares*, 35 Ariz. 309, 277 Pac. 812; *Wayson v. Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559, 45 A. L. R. 290; *Jones v. Pacific Gas & Electric Co.*, 104 Cal. App. 47, 285 Pac. 709; *Schwartz v. Johnson*, 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323; *Kinnie v. Town of Morristown*, 184 App. Div. 408, 172 N. Y. Supp. 21.)

The court properly instructed the jury in this regard,[1] and thus it will be seen that as to the only issue raised by plaintiffs' evidence, from which contributory negligence could be inferred to plaintiff, Mrs. French, the court spe-

[1] "The court instructs the jury that the defendants allege in their answer that Mrs. French was guilty of contributory negligence, that is, that she failed to exercise a reasonable care for her own safety and that that failure contributed to her own injury, and in this connection you are instructed that an occupant of an automobile is under no duty to anticipate that the driver will be negligent and the occupant has a right to rely upon the driver exercising care so long as the occupant is exercising ordinary care on her own behalf under all of the facts and circumstances in the case."

"The court instructs the jury that an automobile passenger may be negligent in continuing to ride with a driver who is manifestly incompetent or inattentive to his or her duty; and should the jury in this case believe from the evidence that the defendant, Dollie Tebben, was intoxicated at the time of the accident, and that on account of being intoxicated the said Dollie Tebben was negligent in the operation of the Buick automobile; and should you further believe from the evidence that the plaintiff, Sophie K. French, continued to ride in said Buick automobile with the said defendant knowing the said defendant, Dollie Tebben, to then and there be intoxicated; and should the jury further believe that a reasonably prudent person would not have continued to ride with the said Dollie Tebben under the circumstances, then, and in that case, you are justified in concluding that the plaintiff, Sophie K. French, was guilty of negligence; and should you further believe that such negligence, if any you find, contributed to the

cifically instructed the jury. Consequently the jury could not have been misled by the erroneous instruction complained of pertaining to the burden of proof.

It appears from the record that respondents, as well as the court, tried this case on the theory that Mrs. French was a gratuitous guest of Mrs. Tebben on the trip in question. However, in respondents' complaint there is no clear and concise statement to the effect that Mrs. French was the guest of Mrs. Tebben. It is alleged, ''That plaintiff (referring to Mrs. French) was then and there a passenger in said automobile at the invitation of the defendant Dollie Tebben.'' This allegation was denied by appellants in their answer. The evidence of Mrs. French was to the effect that she was nothing more than a guest of Mrs. Tebben on this day. On the other hand the evidence of Mrs. Tebben is such that it could be reasonably inferred therefrom that the trip made by the two ladies was that of a joint enterprise. Neither of the parties requested any instruction as to the law with reference to joint enterprise or joint adventure, nor was any instruction given by the court.

Appellants now assign as error that the evidence fails to support the verdict or judgment because it conclusively appears from the evidence that at the time of the accident the respondent, Mrs. French, was not the guest of Dollie Tebben, contending that the evidence discloses that Mrs. French was engaged in a joint enterprise with Mrs.

proximate cause of the injury of the said Sophie K. French, then she may not recover from the defendants in this action.''

''Should the jury believe from the evidence that the plaintiff, Sophie K. French, purchased intoxicating liquor on the trip in question and that it was for that reason that the defendant Dollie Tebben became intoxicated, if in fact you find that she was intoxicated; and should the jury further believe that the accident occurred on account of the intoxication of the said Dollie Tebben, if in fact you find that she was then intoxicated, then, and in that case the plaintiff would be guilty of negligence in supplying intoxicating liquor to the defendant Dollie Tebben, and if that fact contributed to the proximate cause of the injury to the plaintiff, Sophie K. French, then she may not recover in this case.''

Tebben. There is a substantial conflict in the evidence as to this question and the jury, under proper instructions, could very readily have come to the conclusion that Mrs. French was either a guest or engaged in a joint enterprise at the time. The appellants, however, not having requested any specific instructions regarding this question cannot now be heard to complain. (*Lassman v. Anschustigui*, 37 Ida. 127, 215 Pac. 460; *Boomer v. Isley*, 49 Ida. 666, 290 Pac. 405.) Appellants must have known that the respondents took the position and were trying the case upon the theory that Mrs. French was a guest. Further, the fact that the case was tried by respondents on that theory inured to the benefit of appellants, provided that the jury was properly instructed, for the reason that before the appellants were liable in damages to respondents it was incumbent on respondents to prove by a preponderance of the evidence that Mrs. Tebben was guilty of gross negligence or was driving the car in reckless disregard of the rights of others, as provided in section 48–901, I. C. A. On the other hand, if the trip made by Mrs. French and Mrs. Tebben was a joint enterprise or adventure it would only have been necessary on the part of respondents to allege and prove ordinary negligence as compared with gross negligence on the part of Mrs. Tebben. Consequently the fact that respondents were required to prove a greater degree of negligence on the guest theory was all to the advantage of appellants and could not possibly have prejudiced their rights.

Appellants also assign as error the refusal of the court in giving defendants' requested instruction number three[2] claiming that if such instruction had been given it

---

[2] "Should the jury believe from the evidence that the driver of the car, Dollie Tebben, was intoxicated at the time of the accident, and that for that reason she operated the car in a negligent manner; and should you further believe from the evidence that the plaintiff, Sophie K. French, knew that the said Dollie Tebben was intoxicated at said time, then it was the duty of the said Sophie K. French to exercise ordinary care for her own welfare; that is, she was required to act as an ordinarily prudent person would have acted to protect herself

would have correctly advised the jury as to the duties of a guest to protest. The appellants did not request any other instruction with reference to protest except the one set forth, nor did the court give any instruction on the question of protest. Was this failure reversible error? In the case of *Dale v. Jaeger*, 44 Ida. 576, 258 Pac. 1081, this court said:

"The law is well settled by authorities too numerous to cite that a gratuitous guest cannot recover for his host's negligent operation of an automobile, if conscious of apparent danger or faced with such conditions and circumstances as would herald danger to a reasonably prudent man, he fails opportunely to protest or acquiesce therein."

Such is still the law in this state. (*Dillon v. Brooks*, 51 Ida. 510, 6 Pac. (2d) 851; *McCoy v. Krengel*, 52 Ida. 626, 17 Pac. (2d) 547.)

As heretofore stated, the record discloses conclusively that Mrs. French actually did protest and the nature of her protest, and we hold as a matter of law that the protest as made by her was sufficient, under the circumstances, to meet the requirement as laid down by this court. Appellants did not request a clear-cut instruction as to the law applicable to a guest, with reference to protest, as announced by this court, but coupled a partial statement of the law regarding protest, in appellants' refused instruction number 3, in connection with other statements of law pertaining to the intoxication of Dollie Tebben, and what effect such intoxication would have upon the rights of the respective parties. In other words, the instruction requested by appellants coupled the same with the question of intoxication, on which the court had already correctly instructed the jury

against the negligence of the defendant, Dollie Tebben, and to adopt any efficient means at her command to prevent being injured; and should the jury believe that the plaintiff, Sophie K. French, protested, that is, asked the defendant Dollie Tebben not to drive so fast, but should the jury further believe that such protest was not an efficient means of preventing the accident, and the said Sophie K. French could have prevented injury to herself by the exercise of ordinary care, then the protest will not excuse the plaintiff in this case."

pertaining to the law of contributory negligence. From the verdict it is fully apparent that the jury found against the appellants on the issues as to whether Mrs. Tebben was intoxicated at the time of the accident, or Mrs. French furnished her intoxicating liquor, which in any way was a proximate cause of the injury. Therefore appellants' rights were not prejudiced by the court failing to give an instruction correctly stating the law regarding protest, and further, appellants should not be heard to complain, as no proper instruction on this issue was requested by them.

Appellants further complain that the court failed to properly state the issues of fact to the jury in the court's instruction number 1, wherein the court attempts to frame the issues. It is stated in the complaint that Dollie Tebben "drove said automobile on her left hand, and wrong side of the highway, traveling in a westerly direction, at a high, grossly negligent and dangerous rate of speed, not less than sixty miles per hour; and that at said time and in said manner the said Dollie Tebben did attempt to drive said automobile between a truck and an automobile coming in an easterly direction along the south side of said highway, and in attempting to do so, did drive defendants' automobile on the south side of the highway where the automobile coming from the west was being driven, and struck the automobile coming from the west with terrific force and violence; . . . . '' The statement in the instruction as to the allegations in the complaint stops at this point, in so far as it touches on the manner in which the collision occurred; thus it is stated in the instruction framing the issues that Dollie Tebben drove on the wrong side of the road traveling westerly and attempted to pass between a truck and an automobile both traveling in an opposite or easterly direction, and in that manner the collision occurred. It appears further, however, that in the complaint facts are alleged from which at least a fair inference can be drawn that Dollie Tebben attempted to overtake and pass a truck traveling in the same direction as she was driving, and met and collided with an automobile coming in an easterly direction; in sub-

stance, that she attempted to pass said truck when the south side of the highway was not free of oncoming traffic for a sufficient distance ahead for her to overtake and pass the truck in safety, thereby making it impossible for her to avoid collision between her automobile and the one coming from the west.

From all the evidence there is no doubt as to just what happened and what caused the collision, as heretofore stated. The issues thus attempted to be framed by the court followed, very closely, the exact language of the complaint, which allegations were ambiguous when compared with other allegations in the complaint, and were entirely contrary to all of the proof. We feel certain, however, that this in no way prejudiced the rights of appellants, as the evidence was so clear and convincing, as given by a large number of witnesses, without any contradiction as to just how the collision occurred, that there could not have been any question in the minds of the jury whatsoever. And the court in giving instruction number 8, as follows:

"You are instructed that it is the duty of the driver of an automobile to at all times exercise care in the operation of said vehicle. This means, care to have her car under control and on the proper side of the road when meeting or overtaking other cars so as to prevent a collision."

did not do the appellants any harm, in so far as this issue is concerned. True, under the law, at the time when Mrs. Tebben attempted to pass the truck, if the road had been free from oncoming traffic for a sufficient distance ahead so that she could have passed the truck with safety, then she had a right to be on the south or left side of the highway while traveling west, and the left-hand side of the road would then have been her right or proper side of the road to be traveling on. But it was only her right or proper side of the road to be traveling on in the event that the road was free of oncoming traffic for a sufficient distance ahead for her to pass the truck with safety. That not being true, she was on the wrong side of the road, and there is nothing· in the instructions to the contrary.

Appellants further contend and assign as error that the jury was confused by the inconsistent, conflicting and confusing instructions given by the court, particularly relative to the charge of negligence. Upon a careful examination of the instructions given, we find that instruction number 4 quotes the "guest statute," section 48–901, I. C. A., instruction number 5 defines gross negligence, instruction number 6 relates to driving with a reckless disregard of the rights of others, and in instructions seven,[3] eight[4] and nine[5] the court instructed the jury as to the duties of a driver as to the rules of the road under the laws of this state, which a failure to comply with would generally amount to but ordinary negligence. Nowhere was the jury informed what plaintiffs must show in order to be entitled to recover. As heretofore pointed out, the question as to whether Mrs. French was a guest or engaged in a joint enterprise or adventure was in issue. If Mrs. French was a guest, then before respondents could recover it was incumbent upon them under our statute, section 48–901, I. C. A., to prove that Mrs. Tebben was guilty of gross negligence or driving

[3] "The court instructs the jury that Section 11, Chapter 260, Idaho Session Laws, 1927, provides as follows: 'Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible.' "

[4] "You are instructed that it is the duty of the driver of an automobile to at all times exercise care in the operation of said vehicle. This means, care to have her car under control and on the proper side of the road when meeting or overtaking other cars so as to prevent a collision."

[5] "The jury is instructed that by the provisions of the Uniform Motor Vehicle Act, Session Laws of Idaho, 1927, Chapter 260, including the rules of the road and restrictions as to speed, it is provided that any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person. This statute makes it *prima facie* lawful to drive a vehicle at a speed not exceeding thirty-five miles an hour upon a state highway."

the car with a reckless disregard of the rights of others. On the other hand, if Mrs. French was engaged in a joint enterprise or adventure then only ordinary negligence was necessary to be proven to entitle respondents to recover. (*O'Brien v. Woldson*, 149 Wash. 192, 270 Pac. 304, 62 A. L. R. 436; *Alexiou v. Neckas*, 171 Wash. 369, 17 Pac. (2d) 911.)

The jury was not informed by the court by any instruction regarding the relative rights of the parties, distinguishing as between the law and the rights that arise thereunder, dependent upon whether Mrs. French was a guest or engaged in a joint enterprise. Nowhere in the instructions given does it appear that the court instructed the jury or gave the jury to understand that in this case, before respondents could recover, it must appear by a preponderance of the evidence that the defendant was guilty of gross negligence or driving the automobile with a reckless disregard of the rights of plaintiff. Nor does it appear that the court instructed the jury or intended that the jury should understand that before respondents were entitled to recover it must appear from a preponderance of the evidence that the defendant, Mrs. Tebben, was guilty of ordinary negligence. Under our statute, section 7-207, I. C. A., it is provided that, "In charging the jury the court may state to them all matters of law which he thinks necessary for their information in giving their verdict; . . . . " Apparently the court by its instructions measured the conduct of the driver, Mrs. Tebben, both by gross negligence and also by ordinary negligence, but did not advise the jury which of these respondents were required to establish in order to recover. In a very recent case, *Smith v. Laflar*, 143 Or. 65, 20 Pac. (2d) 391, the court had this to say:

"Defendant contends that the jury was confused by the inconsistent and contradictory instructions relative to the charge of negligence. In certain parts of the instructions the court clearly and explicitly advised the jury that defendant's conduct was not to be measured by the law of ordinary negligence, but that plaintiff, in order to prevail,

must go further and show that defendant was guilty of gross negligence. In other parts of the charge the court instructed relative to the law of what might be termed ordinary negligence. In accordance with the request of the plaintiff, negligence was defined, but the jury was not told that such definition was given for the purpose of distinguishing it from gross negligence. Defendant in its exception specifically directed the court's attention to this instruction and the likelihood of confusing the jury as to the degree of care required of the defendant. We also note that part of the charge wherein the court said: 'The driver of a motor vehicle owes to those riding with him the duty to exercise ordinary and reasonable care and not to increase the danger or to create any new danger.' This instruction was taken *verbatim* from *Goebel v. Vaught*, 126 Or. 332, 269 Pac. 491, rendered prior to the enactment of the guest statute. This instruction is absolutely contradictory and inconsistent with those given relative to gross negligence. We are unable to say with any degree of certainty by which standard of care the conduct of the defendant was measured.''

As in the case just quoted from, by instructing the jury as to the rules of the road and duties imposed on a driver, a violation of which constitutes ordinary negligence, such instruction is absolutely contradictory and opposed to those relative to gross negligence, and we are unable to say what standard the jury followed in arriving at its verdict. The appellants were entitled to have the jury instructed as to what degree of negligence was required to be proved by plaintiffs before they were entitled to recover, with instructions that were not conflicting, inconsistent and confusing, and as the jury was instructed it was prejudicial error to appellants.

Respondents made a motion to dismiss the appeal herein for the reason that the appellants failed to pay the fee for the clerk's transcript within five days after filing their notice of appeal. The notice of appeal was filed August 24, 1932, and the fee for the transcript, as is required by

section 11–215, I. C. A., was not paid until January 31, 1933. Respondents cite the case of *Anderson v. White,* 51 Ida. 392, 5 Pac. (2d) 1055, wherein this court held that C. S., sec. 7166 (now I. C. A., sec. 11–215) is mandatory. While the court in said case held that the statute was mandatory, yet the court recognized the fact that credit may be extended by the clerk of the court to an appellant, in the use of the following language:

"Neither has appellant paid or tendered to the clerk of the district court the prescribed fees for the clerk's transcript, as required by C. S., sec. 7166, nor has credit been extended to him for such fees."

The clerk is responsible for the fees, and if the clerk is willing to extend credit to the appellant the responsibility rests upon him to perform his duties the same as if the fees had been paid. It is incumbent upon him to collect the money from the party to whom credit was extended. In the instant case showing is made by appellants, through the affidavit of Harry C. Parsons, clerk of the court, who was in office at the time the notice of appeal was filed up to and including the first Monday in January, 1933, and by the attorney for appellants, that credit had been extended by the then clerk of the court, as had been the custom in extending credit to attorneys for appellants generally, namely, that the clerk would not ask for the fees to be paid immediately but would wait until the transcript was complete or about complete. Said Parsons further states in his affidavit that this appeal was being handled in the usual and customary manner. It further appears from the showing herein that the present clerk of the court, Frank J. Smith, was deputy clerk under Harry C. Parsons from July 19, 1929, until the first Monday of January, 1933, at which time he became clerk; that Parsons understood and considered that Frank J. Smith knew of the arrangements between the attorneys for appellants and said clerk, and that said agreement would be carried out.

Frank J. Smith made a number of affidavits, but nowhere does he state that it had not been the custom, at the time

the notice of appeal was filed in this case, to extend credit and make arrangements as stated in the affidavit of Parsons, or that he did not know such arrangements had been made. In the affidavit he made in support of appellants' showing he makes the positive statement that he had made no request on the attorneys for appellants for the clerk's fees from the time the transcript was lodged until January 31, 1933. In other affidavits he changed such statement and said that he did demand of the attorneys for appellants the fee on a number of occasions; that the attorneys promised to pay the same immediately but that the fees were not actually paid until January 31, 1933.

We also have the affidavit of the attorney for appellants to the effect that the present clerk, Frank J. Smith, followed the same practice and custom that was adopted by Harry C. Parsons and other clerks in extending credit; and that fees are accepted by him under this custom and practice when the transcripts are prepared; that the attorney for appellants had no notice that the transcript was completed prior to the date the fees were paid, January 31, 1933, at which time he made inquiry regarding the transcript and was furnished with a statement regarding the amount of the fees, which were then paid.

We believe that the record discloses that credit was extended to the appellants for the fees, and it further appearing that the rights of respondents have in no way been jeopardized, the appeal is not subject to dismissal.

For the reasons above stated the motion to dismiss the appeal is denied, the judgment against appellants and order refusing a new trial are reversed, and a new trial granted.

Costs awarded to appellants.

Givens and Holden, JJ., concur.

Morgan, J., concurs in the conclusion reached.

Budge, C. J., dissents.

Petition for rehearing denied December 8, 1933.